LINDSAY, Judge.
Plaintiff, James Eddie Sangid, appeals the judgment of the trial court in favor of defendant, Brittains Enterprises, Inc., refusing to order the return of a diamond ring fraudulently obtained from plaintiff and pawned to defendant. For the reasons set forth below, we affirm.
FACTS
This case was tried on a joint stipulation of facts entered into by the parties, and then submitted to the trial court on briefs. The joint stipulation of facts provided that on February 10, 1982, Ronald Boult stole a 2.6 carat diamond ring from Mrs. John Adkins of Shreveport, Louisiana (Boult was subsequently tried and convicted of the theft). On February 12, 1982, Boult .took the stolen ring to Ricks Rings ’N Things, operated by plaintiff, and traded it to him for another ring of lesser value and the cash sum of $1,500. On that same date, Boult took the ring he had received from plaintiff and pawned it to Brittains for the sum of $1,000. Before the pawn of the ring was accepted, however, defendant, *854 through its president, requested proof of ownership of the ring and in response to that request Boult produced a sales slip signed by plaintiff which reflected the ring was taken in trade for another ring.
The police later determined that Mrs. Ad-kin’s ring which had been traded to plaintiff by Boult was stolen and the police required plaintiff to return it, which he did. Plaintiff then sued defendant to recover the ring traded to Boult which Boult pawned at Brittains.
Plaintiff argued that LSA-R.S. 37:1770 requires pawn shop operators who receive stolen goods to return them to .the true owner on a showing of proof of ownership and a certified copy of the police report in which the thing is reported stolen. Plaintiff argues that the wording of the statute supersedes the provisions of the Civil Code which exclude things taken by fraud from the definition of stolen things.
TRIAL COURT JUDGMENT
The trial court found that plaintiff transferred the ring in question without requiring from Boult proof of ownership of the ring given in trade and thereby “accepted the stolen ring and the risks along with it.” The court found that LSA-R.S. 37:1770 was not applicable because under the Civil Code, the ring received in trade by Boult from plaintiff was not “stolen” and the court found that the defendant accepted the ring in pledge after proof of ownership was offered.
ASSIGNMENT OF ERROR
Plaintiff appeals suspensively urging the trial court erred in failing to find that LSA-R.S. 37:1770 superseded the provisions of the Civil Code excluding fraud from the definition of “stolen things.”
LSA-C.C. Art. 521 provides:
One who has possession of a lost or stolen thing may not transfer its ownership to another. For purposes of this Chapter, a thing is stolen when one has taken possession of it without the consent of its owner. A thing is not stolen when the owner delivers it or transfers its ownership to another as a result of fraud.
This definition is much more limited than the definition of stolen things under the criminal law, and specifically excludes things obtained by fraud.[1] Appellant argues that LSA-R.S. 37:1770 overrides the Civil Code definition of stolen things and that even if an item is obtained by fraud, the defrauded owner should be able to recover the item from a pawnbroker. That statute provides as follows:
Notwithstanding any provision of the Louisiana Civil Code or any other provision of law to the contrary, when the operator of a pawn shop has acquired a stolen item, the operator of the pawn shop shall return the item to the owner, at no cost to the owner, upon presentation by the owner of proof of ownership of the item and a certified copy of the police report in which the item was reported stolen.
The law regulating pawnbrokers was revised in 1981 in-order “To provide with respect to protection and disclosure to the consuming public, to prohibit certain practices by pawnbrokers, to prohibit the acceptance of certain articles by pawnbrokers and otherwise to provide with respect thereto.” See Acts of 1981, No. 917, § 1. We find nothing in this revision to change the definition of a “stolen” item under LSA-C.C. Art. 521. Further, no other definition of a “stolen” item is contained in this legislation, nor is there any reference to the substantive criminal law to provide a definition of this term.
*855 Under the Civil Code scheme, if an item is lost or stolen (by means other than fraud), the true owner is entitled to recovery of the item from anyone who possesses or detains it without right. LSA-C.C. Art. 526. If the item has been transferred through fraud, the third party possessor in good faith and for fair value retains ownership of the thing even though the title of the transferor is anulled on account of vice of consent (such as fraud). LSA-C.C. Art. 522.
The Civil Code goes on to provide that a true owner seeking the return of an item defined as stolen under LSA-C.C. Art. 521, in order to regain the thing, must pay the evicted possessor, whether in good or bad faith, for necessary expenses incurred for the preservation of the thing and for discharge of public or private burdens. LSA-C.C. Art. 527. If the evicted possessor of the stolen item is in good faith he is also entitled to recover his useful expenses to the extent they have enhanced the value of the thing. LSA-C.C. Art. 528.
Said another way, if the true owner of a stolen thing, as defined by the Civil Code, wishes to recover the item from someone else who possesses it, the owner has a legal recourse to do so, but must reimburse the evicted possessor for necessary expenses, if he possesses in bad faith, and for necessary and useful expenses if he possesses in good faith. LSA-R.S. 37:1770 relieves the true owner of the obligation to reimburse the evicted possessor for these expenses when recovering a stolen item, as defined by the Civil Code, from a pawnbroker. The language of LSA-R.S. 37:1770 does not mean that the Civil Code definition of a stolen thing does not apply when an owner seeks to recover an item from a pawnbroker. In the instant case, the ring obtained by Boult from Sangid was obtained by fraud. However, it was not a “stolen” item under LSA-C.C. Art. 521, its subsequent transfer to Brittains was valid, and Brittains’ possession thereof cannot be defeated by plaintiff.
CONCLUSION
For the reasons stated above, we find that the definition of stolen things in LSA-C.C. Art. 521 applies to the item sought to be recovered in this civil litigation. LSA-R.S. 37:1770 does not supersede the Louisiana Civil Code definition of what constitutes a stolen thing. Therefore, the ruling of the trial court in favor of the defendant, Brittains Enterprises, Inc. is affirmed, at appellant’s cost.
AFFIRMED.

. The definition of theft under criminal law is broader than that at civil law. LSA-R.S. 14:67 provides:
Theft is the misappropriation or taking of anything of value which belongs to another either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential....